C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HECTOR GONZALEZ,

                Plaintiff,

      - against -

NEW YORK PORT AUTHORITY, PARKING
CUSTOMER SERVICE, and INSPECTOR
GENERAL'S OFFICE,

               Defendants.
-----------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

25-cv-4770 (BMC)

**COGAN**, District Judge.

*Pro se* plaintiff Hector Gonzalez brings this action against the New York Port Authority (which this Court takes to reference The Port Authority of New York and New Jersey, and which is hereinafter referred to as the "Port Authority"), John F. Kennedy Airport's parking customer service, and the Inspector General's Office (which this Court takes to reference the Inspector General's Office of the Port Authority).

Plaintiff alleges that he parked his car at John F. Kennedy Airport ("JFK") on October 23, 2004. He requests the return of his car, the cancellation of an $11,000.00 payment, and damages totaling one million dollars. The Court grants plaintiff's request to proceed *in forma pauperis*, but dismisses plaintiff's complaint without prejudice for the reasons detailed below. Plaintiff is granted 20 days from the date of this Order to file an amended complaint.

**LEGAL STANDARD**

In reviewing a complaint filed by a *pro se* litigant *in forma pauperis*, the Court must "dismiss the case at any time" if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." 8 U.S.C. § 1915(e)(2)(B).  Complaints filed *pro se* must be "liberally construed," and "must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

## DISCUSSION

### I. Statute of Limitations

The Court liberally construes plaintiff's complaint as alleging a Section 1983 claim for a violation of procedural due process in violation of the Fourteenth Amendment.  "Due process claims are subject to a three-year statute of limitations in New York State."  Zimmelman v. Teachers' Ret. Sys. of City of New York, No. 08-cv-6958, 2010 WL 2034436, at *3 (S.D.N.Y. May 20, 2010) (citing Ferran v. Town of Poestenkill, 2000 WL 1728080, at *2 (2d Cir. 2000) (summary order)).  "The three-year limitations period begins at the time that plaintiff knows, or has reason to know, of the injury that is the basis of her action."  Id. (internal quotation marks and quotation omitted).

Plaintiff alleges that the events giving rise to his claim occurred on October 23, 2004, more than 20 years ago.  Plaintiff does not include any allegations that would allow this Court to infer that plaintiff first knew, or only had reason to know, of his injury in the past three years.  Accordingly, as pled, plaintiff's claim is barred by the statute of limitations.

### II. Improper Defendants

In addition, the defendants that plaintiff has sued are not proper parties to this action.  JFK is owned and operated by the Port Authority.  Int'l Soc. for Krishna Consciousness, Inc. v. Lee, 505 U.S. 672, 675 (1992); see also Transp. Limousine of Long Island, Inc. v. Port Auth. of

2

New York & New Jersey, 571 F. Supp. 576, 578 (E.D.N.Y. 1983). Thus, neither JFK nor its parking customer service is a proper defendant in this case. See Boyd v. LaGuardia Airport, No. 21-cv-5000, 2022 WL 4357466, at *2 (E.D.N.Y. Sept. 20, 2022).

Furthermore, the Port Authority and the Inspect General's Office of the Port Authority are "municipal entities and may only be held liable for deprivation of rights caused by the execution of an official policy or custom." Id. at *3 (citing Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 691-95 (1978)). "A single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." Id. (quoting DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (cleaned up)). Here, a single incident is all plaintiff alleges. He does not identify any "custom or policy officially endorsed by the Port Authority . . . nor does he [allege] that municipal officials . . . imbued with decision-making authority . . . implemented policies or took actions designed to deprive him of his constitutional rights." Id. (quotation and brackets omitted). Therefore, plaintiff's complaint fails to state a claim against the Port Authority and the Inspect General's Office of the Port Authority.

### III.  Leave to Amend

If plaintiff seeks to amend his complaint to explain how he came to know, or only had reason to know, of his claim within the past 3 years, such that his claim would not be time barred by the statute of limitations, he is granted leave to file an amended complaint. Plaintiff must also name proper defendants; namely, the City of New York and any individual defendants personally involved in the denial of plaintiff's constitutional rights. If plaintiff names any individual defendants, he "must state facts to support the allegation against [them]." Id. at *4. "If Plaintiff cannot identify the defendant(s) by name, he may set forth the allegations against that them and

designate them as Jane Doe or John Doe, providing any identifying information available to him." Id.

## CONCLUSION

For the reasons set forth above, the complaint, filed *in forma pauperis*, is dismissed without prejudice as barred by the statute of limitations and for failure to state a claim against defendants. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted 20 days from the date of this Order to file an amended complaint. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff, and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
September 9, 2025